**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION** | **MDL DOCKET NO.: _____** |

**MOTION FOR TRANSFER AND COORDINATION OR
CONSOLIDATION UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, Movant-Plaintiff Brianna Murden respectfully asks the Judicial Panel

on Multidistrict Litigation ("Panel") to transfer the "Schedule of Actions," and subsequent tag-

along actions, to the Northern District of Illinois or the Western District of Missouri.

1.      Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations,

LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram LLC, and Siculus, Inc.

(collectively, "Defendants") operate the world's largest family of social networks.[1]

2.      The complaints in the Schedule of Actions allege similar claims of product liability,

negligence, misrepresentation, fraud, unjust enrichment, breach of warranty, and infliction of

emotional distress against Defendants resulting from the design and operation of their two largest

products, Facebook and Instagram. Specifically, Plaintiffs allege that Defendants' social media

products are intentionally designed to be addictive and utilize sophisticated algorithms, and other

defectively designed and unreasonably dangerous features, to maximize user time and engagement

---

[1] Other filed cases also name Defendants Snap, Inc., TikTok, Inc., and ByteDance, Inc. These Defendants operate the social media platforms "Snapchat" and "TikTok" and similarly use defectively designed features resulting in youth addiction and other injuries. The complaints naming these two Defendants allege similar facts and injuries associated with adolescent use of these products.

to maximize profits. This design is employed regardless of a user's age and recognized dangers associated with the use of such features on social media products.

3.     From the beginning, Facebook and Instagram have exploited vulnerabilities in human psychology to addict users and maximize user time and engagement. Facebook's first President, Sean Parker, summed up the devastating impact of Facebook and Instagram's designs in a 2017 interview:

> "God only knows what it's doing to our children's brains. The thought process that went into building these applications, Facebook being the first of them, ... was all about: 'How do we consume as much of your time and conscious attention as possible?' And that means that we need to sort of give you a little dopamine hit every once in a while, because someone liked or commented on a photo or a post or whatever. And that's going to get you to contribute more content, and that's going to get you ... more likes and comments. It's a social-validation feedback loop ... exactly the kind of thing that a hacker like myself would come up with, because you're exploiting a vulnerability in human psychology. The inventors, creators — it's me, it's Mark [Zuckerberg], it's Kevin Systrom on Instagram, it's all of these people — understood this consciously. And we did it anyway."[2]

4.     Plaintiffs seek to hold Defendants' accountable for the devasting fallout from exploiting adolescent users during their formative years while in a state of increased fragility. Adolescent females are disproportionately negatively affected by Defendants' products, as shown by the overwhelmingly female Plaintiff population to date.[3]

5.     Defendants have publicly downplayed their products' negative impact on youth. However, leaked internal company documents from former Facebook employee and "whistleblower", Francesca Haugen, reveal that Defendants are aware of the disproportionate impact its products have on youth, especially adolescent females. One internal study found that

---

[2] Mike Allen, *Sean Parker unloads on Facebook: "God only knows what it's doing to our children's brains"*, Axios (November 9, 2017), https://www.axios.com/2017/12/15/sean-parker-unloads-on-facebook-god-only-knows-what-its-doing-to-our-childrens-brains-1513306792.

[3] Female clients represent 14 of 17 cases filed by the undersigned counsel. Additionally, 7 of the 10 federal cases filed by the Social Media Victims Law Center are female Plaintiffs.

"Thirty-two percent of teen girls said that when they felt bad about their bodies, Instagram made them feel worse."[4] The same study found that "[c]omparisons on Instagram can change how young women view and describe themselves."[5] Defendants have also found that "social comparison is worse on Instagram", compared to other social media apps.[6] As early as 2019, Defendants recognized that they "make body image issues worse for one in three teen girls."[7]

6.      Additionally, internal studies revealed that "teens blame Instagram for increases in the rate of anxiety and depression."[8] Among teens who reported suicidal thoughts, 13% of British users and 6% of American users traced the desire to kill themselves to Instagram, one presentation showed.[9] One in five teens say that Instagram makes them feel worse about themselves, and teens who struggle with mental health say Instagram makes it worse.[10]

7.      Internal research indicates that the design of Defendants' products is what is most harmful to teens. "A pressure to look perfect and an addictive product can send teens spiraling toward eating disorders, an unhealthy sense of their own bodies and depression, March 2020 internal research states. It warns that the Explore page, which serves users photos and videos curated by an algorithm, can send users deep into content that can be harmful."[11] According to Defendants' research, "aspects of Instagram exacerbate each other to create a perfect storm."[12]

8.      Plaintiffs' common allegations against Defendants include:

---

[4] Georgia Wells, Jeff Horwitz, and Deepa Seetharaman, *Facebook Knows Instagram Is Toxic for Teen Girls, Company Documents Show*, WSJ (Sept 14, 2021, 7:59 AM), https://www.wsj.com/articles/facebook-knows-instagram-is-toxic-for-teen-girls-company-documents-show-11631620739.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

a. Facebook and Instagram were designed by Defendants, to be unreasonably dangerous and addictive to users, particularly adolescents;

b. Defendants failed to warn adolescent users and their parents about risks posed by the addictive platforms or that there was even a risk of addiction;

c. Defendants failed to warn adolescent users and their parents about the risks of causing body dysmorphic disorder and disordered eating posed by the platforms;

d. Defendants failed to make accurate and truthful representations to Plaintiff and the general public regarding the nature of the Facebook and Instagram products;

e. Defendants were unjustly enriched from consumers use of the products, at the expense of users' physical and mental well-being;

f. Defendants engaged in unfair and deceptive acts and trade practices in the design, development, manufacture, marketing and dissemination of the Facebook and Instagram products; and

g. Defendants failed to recall or retrofit the Facebook and Instagram products, despite knowing of the serious risks the platforms pose to adolescent consumers and the public.

9. The common injuries contained within the complaints in the Schedule of Actions include but are not limited to: (a) multiple periods of suicidal ideation, (b) self-harm, (c) disordered eating, (d) body dysmorphic disorder, (e) severe anxiety, (f) depression, (g) a reduced inclination or ability to sleep, among other harmful effects, which may cause or contribute to additional disease, (h) medical expenses, and (i) other economic and non-economic damages.

10.     There are millions of adolescents who use Instagram and Facebook and spend hours on these platforms every day.[13]

11.     To date, twenty-seven (27) additional actions seeking similar relief in federal court have been filed. (*See* Schedule of Actions at Exhibit "A" of Brief in Support). In total, there are twenty-eight (28) actions pending in seventeen (17) different districts throughout the country. Currently, counsel represents over 400 clients prepared to bring similar claims against Defendants.

12.     Because of the millions of adolescents impacted by Defendants' conduct and the growing awareness of Defendants' conduct and resulting harms revealed by Facebook "whistleblower" Francesca Haugen, the undersigned anticipates a substantial number of similar cases in the coming months and years. Further, the undersigned is in communication with attorneys throughout the country who are investigating similar claims, thus increasing the likelihood of additional case filings.

13.     The complaints within the Schedule of Actions, and any additional tag-along actions, pending against Defendants will involve similar if not identical questions of fact and will involve common discovery and pretrial motion practice. Accordingly, inconsistent pretrial rulings could occur if the cases are not transferred for coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407.

14.     Movant-Plaintiff seeks to create an MDL with respect to Defendants' defective design and operation of the Facebook and Instagram products as they relate to adolescent users. As detailed in the accompanying Brief, centralization will help eliminate inconsistent rulings, curtail duplicative discovery, and conserve judicial resources.

---

[13] *See* Katherine Schaeffer, *7 facts about Americans and Instagram*, Pew Research Center (October 7, 2021), https://www.pewresearch.org/fact-tank/2021/10/07/7-facts-about-americans-and-instagram/.

15.     The convenience of the courts, parties, witnesses, and counsel will all be served by transferring these cases to the Northern District of Illinois or Western District of Missouri for coordinated or consolidated pretrial proceedings.

16.     In support of the motion, Movant-Plaintiff relies upon:

a.  the Brief describing the background of the litigation and Movant-Plaintiff's factual and legal contentions;

b.  the Schedule of Actions (attached hereto as **Exhibit A**) providing: (1) the complete name of each action involved, listing the full name of each party included; (2) the district court and division where each action is pending; (3) the civil action number of each action; and (4) the name of the Judge assigned to each action, if available;

c.  a copy of all complaints (without exhibits) and docket sheets for all actions listed in the Schedule of Actions (attached as **Exhibits A-1 to A-28**) in the accompanying Brief);

d.  the Statement Requesting Oral Argument; and

e.  the Proof of Service.

For the reasons set forth herein and in the accompanying Brief in Support, Plaintiff respectfully requests that the Panel issue an Order transferring all of the matters in the Schedule of Actions, and any tag-along actions, to the Honorable Sara L. Ellis, United States District Judge, Northern District of Illinois, for coordinated or consolidated pretrial proceedings, or alternatively the Western District of Missouri before Judge Stephen R. Bough.

Respectfully submitted,                          Dated:  August 1, 2022

*/s/ Joseph G. VanZandt*
Joseph G. VanZandt
BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC
234 Commerce Street
Montgomery, AL 36103
Telephone:  334-269-2343
Facsimile:   334-954-7555
Joseph.VanZandt@BeasleyAllen.com

***Attorneys for Movant-Plaintiff***

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION** | **MDL DOCKET NO.:** |

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR
CONSOLIDATION UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, Movant-Plaintiff Brianna Murden respectfully submits this Brief in

Support of Motion for Transfer and Coordination or Consolidation.

## BACKGROUND

Plaintiff Brianna Murden is a twenty-one-year-old female who compulsively uses

Defendants' social media products, Facebook and Instagram. Shortly after engaging with

Defendants' products around the age of ten, Plaintiff began exhibiting addictive and problematic

use of the products. Prompted by the addictive design of Defendants' products, and the constant

24-hour stream of notifications emitted from these products, Plaintiff began getting less and less

sleep. While addictively viewing images and videos that had been altered by the platforms'

appearance and beauty enhancing product features and curated to her by the platforms' algorithms,

Plaintiff began to struggle psychologically with her self-image and relationship with food. As a

result of the dangerous design and other features of Defendants' products, Plaintiff subsequently

developed injuries including social media compulsion, disordered eating, depression, body

dysmorphic disorder[14], multiple periods of suicidal ideation, severe anxiety, self-harm (*e.g.* cutting and burning herself), and a reduced inclination or ability to sleep.

The injuries suffered by Plaintiff were of no surprise to Defendants. As former Facebook employee turned "whistleblower" Frances Haugen testified to Congress, internal Meta documents show that Defendants were aware of the harm its products cause users, especially female children and adolescents. Unfortunately, Plaintiff is not the only young female suffering from these same injuries.

This motion for transfer involves at least twenty-eight (28) actions pending in seventeen (17) different districts across the United States, asserting nearly identical factual allegations and legal claims against Defendants. (*See* Schedule of Actions, attached as Exhibit "A"). The vast majority of Plaintiffs are adolescent females who are particularly vulnerable to addiction and other injuries caused by Defendants' algorithms as this population is in the formative years of their development.

**Plaintiffs.** The actions identically allege that, as designed and developed by Defendants, Meta's Facebook and Instagram products are unreasonably dangerous to users, particularly adolescents. Further, Defendants failed to warn minors and their parents about risks posed by the products; and the Facebook and Instagram products contained design defects as developed by Defendants. Plaintiffs come from geographically diverse regions, residing in Alabama, California,

---

[14] Body dysmorphic disorder is a mental disorder in which a person is preoccupied with an imagined physical defect or a minor defect that others often cannot see. Individuals who suffer from body dysmorphic disorder intensely focus on their appearance and body image, repeatedly checking the mirror, grooming or seeking reassurance, sometimes for many hours each day. The perceived flaw and the repetitive behaviors cause significant distress and impact ability to function in daily life. *See* Mayo Clinic Staff, *Body dysmorphic disorder*, Mayo Clinic (March 19, 2022), https://www.mayoclinic.org/diseases-conditions/body-dysmorphic-disorder/symptoms-causes/syc-20353938#:~:text=Overview,may%20avoid%20many%20social%20situations; Smitha Bhandari, MD, *Body Dysmorphic Disorder*, WebMD (June 30, 2020), https://www.webmd.com/mental-health/mental-health-body-dysmorphic-disorder.

Colorado, Delaware, Georgia, Florida, Illinois, Kentucky, Louisiana, Missouri, Oregon, Texas, Tennessee, Virginia, and Wisconsin.

**Defendants.**[15] Meta Platforms, Inc. ("Meta"), Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram LLC, and Siculus, Inc. (collectively, "Defendants") operate the world's largest family of social networks, primarily through the Facebook and Instagram platforms. Defendants Meta, and Siculus Inc. are Delaware corporations with their principal place(s) of business in Menlo Park, California. Defendant Facebook Payments, Inc. is a Florida corporation with its principal place of business in Menlo Park, California. Defendants Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Technologies, LLC, and Instagram, LLC were incorporated in Delaware, and the sole member of each of these LLCs is Defendant Meta.

**Status of Actions.** The actions are in their infancy. All but one case was filed in 2022, and discovery has not begun in any case. Currently, most cases still await an initial Rule 26(f) conference.

## LEGAL STANDARD

Transfer and consolidation is appropriate when actions pending  in different judicial districts involve similar questions of fact such that consolidating pretrial proceedings would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. In relevant part, Section 1407 provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by

---

[15] As stated in FN 1, other filed cases also name Defendants Snap, Inc., TikTok, Inc., and ByteDance, Inc. These Defendants operate the social media platforms "Snapchat" and "TikTok" and similarly use defectively design features resulting in youth addiction and other injuries. The complaints naming these two Defendants allege similar facts and injuries associated with adolescent use of these platforms.

the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

In deciding whether to transfer a case under Section 1407, the Panel typically considers whether centralization would: (1) eliminate duplication in discovery; (2) avoid conflicting rules and schedules; (3) reduce litigation costs; and (4) conserve the time and effort of the parties, attorneys, witnesses, and courts. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixtures Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).

## ARGUMENT

### I.   TRANSFER OF THE ACTIONS TO ONE COURT FOR CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407

Consolidation of pretrial proceedings in an MDL is appropriate if (1) actions pending in different federal courts involve "one or more common questions of fact"; and (2) consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Both factors strongly favor consolidating the pretrial proceedings of these actions.

#### A.   Consolidation or Coordination Is Appropriate Because the Related Actions Involve One or More Common Questions of Fact.

Section 1407 requires that the cases to be consolidated raise "one or more common questions of fact." The Panel, however, need not find that the cases are identical. *See In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) ("[T]ransfer under Section 1407 does not requires a complete identity or even majority of common factual issues as a prerequisite to transfer."). The Panel consistently finds that cases involving overlapping factual issues are appropriate for consolidation or coordination. *See e.g., In re: JUUL Labs, Inc. Mktg.,*

4

*Sales Practices, Prods. Liab. Litig.*, 396 F. Supp. 3d 1366, 1368 (J.P.M.L. 2019); *In re: Yasmin, Yaz (Drospirenone) Mktg., Sales Practices & Prods Liab. Litig.*, MDL. 2100, 2009 WL 3163531, at *1 (Oct. 1, 2009) ("We find that these 32 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001) ("The Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.").

The actions subject to this motion are brought by Facebook and Instagram users, or in the case of users who are minors, their guardians. The actions allege, in short, that the Facebook and Instagram products, as designed by Defendants, were unreasonably dangerous to users, particularly adolescent users; Defendants failed to warn minor users and their parents about risks posed by the products; and the Facebook and Instagram products contained manufacturing defects as developed by Defendants. The factual allegations regarding Defendants' conduct in the complaints are substantially the same: Defendants' social media products are intentionally designed to be addictive and utilize sophisticated algorithms to manipulate and maximize user time and engagement. The complaints allege similar injuries because of Defendants' conduct. Further, because Section 1407 does not require a majority of common factual issues as a condition for transfer, the many common questions thus presented are more than sufficient to satisfy Section 1407. *See In re: Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005).

Additionally, these actions rely on comparable legal theories of recovery. The complaints allege similar claims of product liability, negligence, misrepresentation, fraud, unjust enrichment, breach of warranty, and infliction of emotional distress. While not every cause of action is asserted in every case, the complaints all share essentially the same legal causes of action and theories of Defendants' liability. As this Panel has noted, "the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core[.]" *In re: Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

Thus, consolidation or coordination is appropriate under 28 U.S.C. § 1407(a) because the actions involve significant common issues of fact.

       **B.**    **Consolidation or Coordination for Pretrial Proceedings Will Further the Convenience of Parties and Witnesses**

Consolidation or coordination under Section 1407(a) will serve the convenience of both the parties and witnesses.

First, early consolidation will reduce discovery costs and burdens between the parties. Currently, all but one of the pending cases are in the initial stages.[16] If the cases continue to proceed separately amongst many districts across the country, substantial duplicative discovery will occur because of the similarity between the matters. Multiple, distinct cases would involve similar rounds of initial responsive pleadings, repetitive written discovery, and duplicative depositions of the parties' witnesses. The Panel has consistently stated that Section 1407 is designed to prevent this repetition and duplication. *See, e.g., In re: Pilot Flying J Fuel Rebate Contract Litig. (No. 11)*, 11 F. Supp. 3d 1351, 1352 (J.P.M.L. 2014) ("Centralization will avoid repetitive depositions of

---

[16] The only matter to proceed even to the responsive pleading stage is *Rodriguez*, where Defendants filed an initial motion to dismiss. *See Rodriguez v. Meta Platforms, Inc.*, Case No. 3:22-cv-00401-JD, (N.D. Cal. 2022). All other cases, however, have yet to even hold a Rule 26(f) conference.

[Defendant's] officers and employees and duplicative document discovery[.]"); *In re: Starmed Health Pers. FLSA Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) (transfer was ordered to "eliminate duplicative discovery" and "conserve the resources of the parties"); *In re: Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1382 (J.P.M.L. 2004) ("[T]ransfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity[,]"). Indeed, consolidation is particularly needed here given youthfulness of the plaintiff population, which introduces a layer of complexity given the sensitivity of the injuries alleged and related confidentiality concerns. To ensure that the plaintiffs are afforded all protections available under the law, it will be beneficial if the process of obtaining and handling discoverable information is conducted consistently under the watch of a single judge.

Second, consolidation will avoid inconsistent rulings between the various courts. That risk is heightened in this litigation, where initial decisions regarding discovery of the parties' electronically stored information ("ESI") is particularly important as this case centers on plaintiffs' use of Defendants' online Facebook and Instagram products. These cases involve complex data and data recovery regarding user information and interaction with Defendants' algorithms and other product features. The parties would benefit from a uniform process. But federal district courts often have different model or standard ESI protocol orders. For example, the Middle District of Tennessee, where one action is pending, has a differing ESI protocol than the Northern District of Illinois, where multiple actions are pending.[17] These differences could produce various discovery

---

[17] Middle District of Tennessee's Administrative Order No. 174-1 entered September 12, 2018, and Northern District of Illinois Magistrate Judge Sunil R. Harjani's [Model] Stipulated Order for Discovery of Electronically Stored Information for Standard Litigation, differ in the areas of preservation, collection, search, and form of production of ESI, as well as, how to approach

motions followed by inconsistent scope, preservation, and production orders. But this risk extends beyond ESI protocols and discovery preservation/production. Inconsistent rulings on other legal issues inherent in this litigation could result in the type of "pretrial chaos" that Section 1407 was designed to prevent. *See, e.g., In re Plumbing Fixture Cases*, 298 F. Supp. 484, 492-93 (J.P.M.L. 1968).

Transfer is particularly appropriate here because these actions are still in the early stages. And even though many of the plaintiffs to date are represented by three law firms,[18] the Panel has recognized: "informal coordination and cooperation among the parties and courts" is not "sufficient to eliminate the potential for duplicative discovery, inconsistent pretrial rulings, and conflicting discovery obligations." *In re: Generic Pharm. Pricing Antitrust Litig.*, No. MDL 2724, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017).

---

privilege. While both courts permit the parties to move for alternative orders to be entered, each of these orders would serve as a guideline and starting place for negotiation for an alternate order. For a complex mass tort, this presents issues that would not arise in a single-event type of litigation. If the JPML considers that there could be dozens of contradictory local administrative orders or model orders, the variations in ESI Protocol Orders could lead to dissimilar productions of ESI in the related litigations, not to mention inefficiencies in the Rule 26(f) meet and confer processes. Alternatively, the parties could end up being held to an ESI Protocol that is not best suited to this litigation, simply because it was the first one entered in a certain court under that court's local rules.

Middle District of Tennessee's Administrative Order No. 174-1 is available at https://www.tnmd.uscourts.gov/content/default-standard-discovery-electronically-stored-information-e-discovery.

Northern District of Illinois Magistrate Judge Sunil R. Harjani's [Model] Stipulated Order for Discovery of Electronically Stored Information for Standard Litigation is available at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/Harjani/Standard%20Litigation%20Proposed%20ESI%20Order.pdf.

[18] Upon information and belief, the number of law firms involved in related actions is expected to increase as new cases are initiated and interest among mass tort law firms grows.

**C.    Consolidation or Coordination for Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Actions**

The Panel recognizes many factors in determining whether the "just and efficient conduct" of the actions will be advanced by transfer, including those discussed above and: (1) advancing judicial economy; and (2) reducing the burden on the parties by allowing division of workload among several attorneys. *See, e.g., In re: Endangered Species Act Section 4 Deadline Litig.*, 716 F. Supp. 2d 1369 (J.P.M.L. 2010).

Under the current course, a minimum of twenty-four (24) different federal judges will be required to hear and rule on the various factual and legal issues. Scarce judicial resources would be drained by having multiple federal courts oversee actions that are essentially the same. Additionally, counsel for the parties would be required to appear in almost every part of the country, stretching attorney capacity and adding exceptional cost. Consolidation or coordination of the actions will promote the just and efficient conduct of the actions. Each related action likely will involve the same pretrial issues. *See, e.g., In re: Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues . . . and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.").

\*        \*        \*

Movant-Plaintiff anticipates many more cases will be filed in numerous other district courts in the coming weeks and months. As this Panel has recently stated, "Although individualized factual issues may arise in each action, such issues do not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization . . . The alternative of allowing

the various cases to proceed independently across myriad districts raises a significant risk of inconsistent rulings and inefficient pretrial proceedings." *In re: Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017). Consolidation or coordination in one venue is therefore the best solution for these cases and any tag-along actions.

## II.      THE PANEL SHOULD TRANSFER AND CONSOLIDATE THE ACTIONS IN THE NORTHERN DISTRICT OF ILLINOIS OR THE WESTERN DISTRICT OF MISSOURI.

In determining the most appropriate transferee forum, the Panel considers, among other factors, "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, . . . the experience, skill, and caseloads of available judges," where the first filed case is located, and whether the proposed district provides an accessible location. *See* Manual for Complex Litigation (Fourth) § 20.131 (2005); *In re: Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004) (Panel found district appropriate where four of the thirteen actions were already pending in the district, the district provided an accessible, metropolitan location, the district had favorable caseload conditions, and the judge had experience managing multidistrict litigation); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973) (Panel considered the conveniences of the parties and witnesses, location of relevant documents, stage of pretrial proceedings, and the status of civil dockets).

Although many district courts would be suited to oversee this litigation, the Northern District of Illinois, or alternatively the Western District of Missouri, as the transferee court is preferable and proper to "promote the just and efficient conduct of [the] actions" and advance the "convenience of parties and witnesses." 28 U.S.C. §1407.

### A.  Northern District of Illinois, Judge Sara L. Ellis

Movant-Plaintiff's case is pending in the Northern District of Illinois along with two additional related-actions.[19] The Northern District of Illinois is centrally located compared to East or West Coast courts and would permit convenient travel for all parties, witnesses, and counsel. The Northern District of Illinois is home to Chicago, Illinois, which is an accessible, metropolitan location with multiple airports. Although Meta's principal place of business is in California, the Northern District of Illinois is centrally located to Defendants' data centers where they store user information and connect the Facebook and Instagram products to the internet at large. Upon investigation, it appears that most of the relevant ESI will be housed in these data centers, providing easy access between these data centers and the Court.[20]

Additionally, the Northern District of Illinois has an exceptional track record of efficiently managing its docket. The median time from filing to disposition of a civil case in the Northern District of Illinois is a mere 7.4 months. The Northern District of Illinois also has the resources to provide an efficient disposition of these cases, both in terms of number of current MDL's pending (16) and amount of judges/size of the Clerk's office.[21] Finally, the Northern District of Illinois is tied for the greatest number of filed cases within a particular district. When combined with the other factors, the presence of multiple cases in this Court strongly favors transferring the litigation here.

---

[19] *See* Schedule of Actions attached as Exhibit "A" at pg. 5.

[20] Meta currently has 17 different data centers located throughout the United Stated, including Illinois, Iowa, Utah, North Carolina, Texas, Tennessee, Virginia, Alabama, Missouri, Idaho, New Mexico, Arizona, Ohio, Georgia, Oregon, and Nebraska. *See Meta Data Centers* (last visited July 30, 2022, 8:57 PM), https://datacenters.fb.com/#locations.

[21] *See Caseload Statistics Data Tables*, United States Courts, https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables.

Movant-Plaintiff respectfully requests the Panel transfer and consolidate these actions to U.S. District Court Judge Sara L. Ellis of the Northern District of Illinois. Judge Ellis has served as District Judge in the Northern District of Illinois since 2013. Before her appointment, Judge Ellis engaged in private practice where she handled white collar criminal matters, complex civil litigation, and corporate counseling. During nine years on the bench, Judge Ellis has amassed significant experience overseeing complex litigation, having handed complex cases, including securities fraud and patent cases as well as consumer fraud and breach of contract class actions. She has presided over cases involving extensive expert testimony, managing both discovery and *Daubert* motions.[22] This proposed MDL is poised to become exceptionally large and complex in matters of case management, discovery, and cutting edge factual and legal issues. Thus, a veteran judge with significant experience in complex litigation would be beneficial. Judge Ellis's complex civil litigation experience as both a litigator and a judge make her an ideal choice. Judge Ellis runs an efficient docket and is not currently presiding over an MDL. Thus, Judge Ellis would be well-positioned to oversee this proposed MDL.

### B.  Western District of Missouri, Judge Stephen R. Bough

Alternatively, the Panel should select the Western District of Missouri for transfer of these actions. One related action is already pending in the Western District of Missouri.[23] The Western District of Missouri is also centrally located and would permit convenient travel for all parties, witnesses, and counsel for this national litigation. The Western District of Missouri is home to

---

[22] *See Westlaw Litigation Analytics Report for Honorable Sara L. Ellis*, Westlaw Edge (last visited July 30, 2022, 8:49 PM), https://1.next.westlaw.com/Analytics/Profiler?docGUID=I19773D701DD211B2850B0700720C E866&contentType=judge&originationContext=typeAhead&transitionType=LegalLitigation&c ontextData=(sc.Default)&analyticNavigation=none&pathAnalytic=%2FAnalytics%2FHome#/ju dge/I19773D701DD211B2850B0700720CE866/profile.

[23] *See* Schedule of Actions attached as Exhibit "A" at pg. 7.

Kansas City, Missouri, which is an accessible, metropolitan location with a new airport opening in the coming months.[24] Next, the Western District of Missouri is centrally located to Defendants' data centers. Additionally, the Western District of Missouri has a similarly impressive track record of efficiently managing its docket. The median time from filing to disposition of a civil case in the Western District of Missouri is just 7.8 months. The Western District of Missouri also has the resources to provide an efficient disposition of these cases, both in terms of number of current MDL's pending (6) and amount of judges/size of the Clerk's office.[25]

If the Panel selects the Western District of Missouri, Movant-Plaintiff respectfully requests the Panel assign this MDL to U.S. District Court Judge Stephen R. Bough. Judge Bough has served as District Judge in the Western District of Missouri since 2014. Before his appointment, Judge Bough practiced in private litigation, including owning his own firm, for nearly 15 years. During eight years serving the federal judiciary, Judge Bough has gained exceptional experience overseeing complex litigation. In fact, Judge Bough is currently presiding over *In re: Smitty's/Cam2 303 Tractor Hydraulic Fluid Marketing, Sales Practices, and Product Liability Litigation*, MDL 2963, which involves class actions coupled with an insurance coverage action. This MDL consists of only 11 cases and appears near to conclusion this fall. *See* Scheduling Order, *In Re Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices, and Product Liability Litigation*, No. 4:20-md-2936 (W.D. Mo. Jul. 22, 2022). Judge Bough's MDL experience supports selection for overseeing the transfer and consolidation of these actions within the Western District of Missouri.

---

[24] *See New Single Terminal at Kansas City International Airport Lands in 2023*, VISIT KC (last visited July 30, 2022, 8:12 PM), https://www.visitkc.com/meetings/why-kc/meeting-articles/new-kci-single-terminal-lands-early-2023.
[25] *See Caseload Statistics Data Tables*, United States Courts, https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables.

* * *

For the reasons set forth herein, consolidation is appropriate, and Judge Sara L. Ellis of the Northern District of Illinois is an excellent venue and judge to manage this litigation. Alternatively, Judge Stephen R. Bough of the Western District of Missouri would be another exemplary venue and judge to oversee these actions.

## CONCLUSION

Movant-Plaintiff respectfully requests that the Panel grant this motion for transfer and coordination or consolidation under 28 U.S.C. § 1407 and transfer the Schedule of Actions, and any tag-along actions, to Judge Sara L. Ellis of the Northern District of Illinois or Judge Stephen R. Bough of the Western District of Missouri.


Respectfully submitted,                          Dated:  August 1, 2022

*/s/ Joseph G. VanZandt*
Joseph G. VanZandt
BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC
234 Commerce Street
Montgomery, AL 36103
Telephone:  334-269-2343
Facsimile:  334-954-7555
Joseph.VanZandt@BeasleyAllen.com

***Attorneys for Movant-Plaintiff***

14

# Exhibit A

**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION | MDL DOCKET NO. _____ |

**SCHEDULE OF ACTIONS**

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff(s):** Donavette Ely, individually and as next friend to minor plaintiff N.G.<br><br>**Defendants(s):** Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. | U.S. District Court Southern District of Alabama (Mobile) | 1:22-cv-00268 | Kristi K. DuBose |
| **Plaintiff(s):** Blair Aranda and Gregorio Aranda, individually, and Blair Aranda as the Personal Representative of the Estate of Brantley Aranda<br><br>**Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc. | U.S. District Court Northern District of California (San Francisco Division) | 3:22-cv-04209 | James Donato |

1

| | | | |
|---|---|---|---|
| **Plaintiff(s):** Ashleigh Heffner, individually and as the Personal Representative of the Estate of Liam Birchfield **Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc., and Snap, Inc. | U.S. District Court Northern District of California (San Francisco Division) | 3:22-cv-03849 | James Donato |
| **Plaintiff(s):** Alexandra, Benjamin, and Jennifer Martin **Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc. | U.S. District Court Northern District of California (San Francisco Division) | 3:22-cv-04286 | Alex G. Tse |
| **Plaintiff(s):** Brandy Roberts and Toney Roberts, individually, and Brandy Roberts, as the Persona Representative of the Estate of Englyn Roberts **Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc., Snap, Inc., TikTok, Inc., and ByteDance, Inc. | U.S. District Court Northern District of California (Oakland) | 4:22-cv-04210 | Yvonne Gonzalez Rogers |
| **Plaintiff(s):** Tammy Rodriguez, individually and as the Personal Representative of the Estate of Selena Rodriguez **Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc., Snap, Inc., TikTok, Inc., ByteDance, Inc. | U.S. District Court Northern District of California (San Francisco Division) | 3:22-cv-00401 | James Donato |

| | | | |
|---|---|---|---|
| **Plaintiff(s):**<br>Autumn Seekford<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court<br>Northern District of<br>California<br>(Oakland) | 4:22-cv-03883 | Donna M. Ryu |
| **Plaintiff(s):**<br>Alexis, Kathleen, and Jeffrey Spence<br><br>**Defendants(s):**<br>Meta Platforms, Inc.,<br>formerly known as Facebook, Inc. | U.S. District Court<br>Northern District of<br>California (Oakland Division) | 4:22-cv-03294 | Haywood S. Gilliam, Jr. |
| **Plaintiff(s):**<br>CN and Candace Wuest<br><br>**Defendants(s):**<br>Meta Platforms, Inc.,<br>formerly known as Facebook, Inc. | U.S. District Court<br>Northern District of<br>California (Oakland Division) | 4:22-cv-04283 | Jeffrey S. White |
| **Plaintiff(s):**<br>Kelli Cahoone, individually and as next friend to minor plaintiff E.R.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court<br>District of Colorado<br>(Denver) | 1:22-cv-01848 | Daniel D. Domenico |

| | | | |
|---|---|---|---|
| **Plaintiff(s):**<br>Malinda Harris, individually and as next friend to minor plaintiff B.J.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court District of Colorado (Denver) | 1:22-cv-01420 | Regina M. Rodriguez |
| **Plaintiff(s):**<br>Cecelia Tesch, individually and as next friend to minor plaintiff R.P.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court District of Colorado (Denver) | 1:22-cv-01795 | Regina M. Rodriguez |
| **Plaintiff(s):**<br>Jessica Guerrero, individually and as next friend to minor plaintiff S.G.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court District of Delaware (Wilmington Division) | 1:22-cv-00750 | Maryellen Noreika |

| | | | |
|---|---|---|---|
| **Plaintiff(s):**<br>Naomi Charles<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus,<br>Inc. | U.S. District Court<br>Southern District of<br>Florida (Miami) | 1:22-cv-21721 | Darrin P. Gayles |
| **Plaintiff(s):**<br>Megan Waddell, individually<br>and as next friend to minor<br>plaintiff C.W.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus,<br>Inc. | U.S. District Court<br>Northern District of<br>Georgia<br>(Gainesville) | 2:22-cv-00112 | Richard W. Story |
| **Plaintiff(s):**<br>Kim Isaacs, individually and<br>as next friend to minor<br>plaintiff A.I.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus,<br>Inc. | U.S. District Court<br>Northern District of<br>Illinois (Chicago<br>Division) | 1:22-cv-03883 | Gary Feinerman |
| **Plaintiff(s):**<br>Virginia Roth,<br>individually and as next<br>friend to minor J.R.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC; | U.S. District Court<br>Northern District of<br>Illinois (Chicago<br>Division) | 1:22-cv-02968 | Franklin U.<br>Valderrama |

| | | | |
|---|---|---|---|
| Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. | | | |
| **Plaintiff(s):** Diane Williams, individually and as next friend to minor C.M.<br><br>**Defendants(s):** Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. | U.S. District Court Northern District of Illinois (Chicago Division) | 1:22-cv-03470 | Franklin U. Valderrama |
| **Plaintiff(s):** Brianna Murden<br><br>**Defendants(s):** Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. | U.S. District Court Southern District of Illinois (East St. Louis) | 3:22-cv-01511 | Reona J. Daly |
| **Plaintiff(s):** Nina White<br><br>**Defendants(s):** Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. | U.S. District Court Eastern District of Kentucky (Lexington Division) | 5:22-cv-00189 | Karen K. Caldwell |

| Plaintiff(s):<br>Klinten Craig<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court Western District of Kentucky (Bowling Green Division) | 1:22-cv-00087 | Greg N. Stivers |
|---|---|---|---|
| **Plaintiff(s):**<br>Darla Gill, individually and as the Personal Representative of the Estate of Emma Claire Gill, and Joseph Ryan Gill, individually<br><br>**Defendants(s):**<br>Meta Platforms, Inc., formerly known as Facebook, Inc., Snap, Inc., TikTok, Inc., and ByteDance, Inc. | U.S. District Court Western District of Lousiana (Alexandria Division) | 1:22-cv-02173 | Elizabeth E. Foote |
| **Plaintiff(s):**<br>Valentina Estevanott<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court Western District of Missouri (Springfield) | 6:22-cv-03149 | M. Douglas Harpool |
| **Plaintiff(s):**<br>Brittney Doffing, individually and as next of friend to minor plaintiff M.K.<br><br>**Defendants(s):**<br>Meta Platforms, Inc., formerly known as Facebook, Inc., and Snap, Inc. | U.S. District Court District of Oregon (Medford Division) | 1:22-cv-00100 | Mark D. Clarke |

| | | | |
|---|---|---|---|
| **Plaintiff(s):**<br>Ayla Tanton, individually and as next friend to minor plaintiff M.R.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court Middle District of Tennessee (Nashville Division) | 3:22-cv-00411 | Eli J. Richardson |
| **Plaintiff(s):**<br>Stephanie Carter, individually and as Next of Friend to minor plaintiff F.M.<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court Northern District of Texas (Dallas Division) | 3:22-cv-01343 | Ada Brown |
| **Plaintiff(s):**<br>Nadia Camacho<br><br>**Defendants(s):**<br>Meta Platforms, Inc.;<br>Facebook Holdings, LLC;<br>Facebook Operations, LLC;<br>Facebook Payments, Inc.;<br>Facebook Technologies, LLC;<br>Instagram, LLC; and Siculus, Inc. | U.S. District Court Southern District of Texas (Houston Division) | 4:22-cv-01815 | George C. Hanks, Jr. |

| Plaintiff(s): Donna Dawley, individually and Personal Representative of the Estate of Christopher J. Dawley | U.S. District Court Eastern District of Wisconsin (Milwaukee Division) | 2:22-cv-00444 | J.P. Stadtmueller |
|---|---|---|---|
| **Defendants(s):** Meta Platforms, Inc., formerly known as Facebook, Inc., and Snap, Inc. | | | |

Dated: August 1, 2022

Respectfully Submitted,

/s/ Joseph G. VanZandt

**BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC**
Joseph G. VanZandt (*pro hac vice*)
234 Commerce Street
Montgomery, AL 36103
Tel: 334-269-2343
*Joseph.VanZandt@BeasleyAllen.com*

*ATTORNEYS FOR PLAINTIFFS*
*Donavette Ely, individually and as next friend to minor plaintiff N.G.; Autumn Seekford; Kelli Calhoone, individually and as next friend for minor plaintiff E.R.; Malinda Harris, individually and as next friend to minor plaintiff B.J.; Jessica Guerrero, individually and as next friend to minor plaintiff S.G.; Naomi Charles; Megan Waddell, individually and as next friend to minor plaintiff C.W.; Virginia Roth, individually and as next friend to minor J.R.; Diane Williams, individually and as next friend to minor C.M.; Brianna Murden; Valentina Estevanott; Ayla Tanton, individually and as next friend to minor plaintiff M.R.; Nadia Camacho; Klinten Craig; Kim Isaacs, individually and as next friend to minor plaintiff A.I.; Nina White; Stephanie Carter, individually*

*and as Next of Friend to minor plaintiff*
*F.M.*
**1:22-cv-00268**
**1:22-cv-03883**
**1:22-cv-01848**
**2:22-cv-00112**
**1:22-cv-01420**
**1:22-cv-21721**
**4:22-cv-01815**
**6:22-cv-3149**
**1:22-cv-00750**
**1:22-cv-01420**
**1:22-cv-02968**
**3:22-cv-01511**
**1:22-cv-03470**
**3:22-cv-03883**
**3:22-cv-00411**
**1:22-cv-00087**
**5:22-cv-00189**
**3:22-cv-01343**

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION** | **MDL DOCKET NO.:** |

**REQUEST FOR ORAL ARGUMENT**

Counsel for Movant-Plaintiff Brianna Murden respectfully requests oral argument before the Panel. Oral argument will assist the Panel in resolving the issues raised herein. Specifically, oral argument will aid the Panel in understanding the various issues presented by this complex litigation and the positions of the various parties. Further, oral argument will help the Panel understand why coordinating or consolidating and transferring these actions will prevent unnecessary duplication, avoid inconsistent results, and promote efficiency in the judiciary and amongst the parties.

Oral argument will also afford the parties the opportunity to address questions the Panel may have regarding the actions and pending motion. Given that an anticipated large amount of tag-along cases involving similar facts and claims will surely continue to be filed, oral argument will allow the parties to update the Panel on the number of filed cases and address the impact that additional related cases may have on the Panel's consideration of this motion. Accordingly, Movant-Plaintiff respectfully requests that the Panel grant this request for oral argument.

Respectfully submitted,                          Dated:  August 1, 2022

*/s/ Joseph G. VanZandt*
Joseph G. VanZandt
BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC
234 Commerce Street
Montgomery, AL 36103
Telephone:  334-269-2343
Facsimile:  334-954-7555
Joseph.VanZandt@BeasleyAllen.com

***Attorneys for Movant-Plaintiff***

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION** | **MDL DOCKET NO.: _____** |

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing Motion, Memorandum, Schedule of Actions, Exhibits and this Proof of Service was served by UPS Second Day Delivery or electronic mail on August 1, 2022, to the following:

<u>**Clerks of the Courts**</u>:
*Via UPS Second Day Delivery*

United States District Court
Southern District of Alabama (Mobile)
155 St. Joseph Street
Mobile, AL 36602

Office of the Clerk
United States District Court
Northern District of California
Ronald V. Dellums Federal Building
& United States Courthouse
1301 Clay Street
Oakland, CA 94612

Office of the Clerk
United States District Court
Northern District of California
Phillip Burton Federal Building
& United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

U.S. District Court
District of Colorado (Denver)
Clerk's Office
Alfred A. Arraj United States Courthouse,
Room A105
901 19th Street
Denver, CO 80294-3589

U.S. District Court
District of Delaware (Wilmington Division)
Office of the Clerk
844 North King St Unit 18
Wilmington, DE 19801-3570

U.S. District Court
Southern District of Florida (Miami)
Clerk of Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

U.S. District Court
Northern District of Georgia (Gainesville)
Sidney O. Smith Federal Building & United
States Courthouse
121 Spring Street SE Room 201
Gainesville, GA 30501-3789

U.S. District Court
Northern District of Illinois (Chicago
Division)
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604

U.S. District Court
Southern District of Illinois (East St. Louis)
750 Missouri Avenue
East St. Louis, IL 62201

U.S. District Court
Eastern District of Kentucky
101 Barr Street
Lexington, KY 40507

U.S. District Court
Western District of Kentucky
Clerk's Office
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175

U.S. District Court Western District of
Louisiana (Alexandria Division)
United States Court House
515 Murray Street, Suite 105
Alexandria, Louisiana 71301

U.S. District Court
Western District of Missouri (Springfield)
United States Courthouse
222 N. John Q. Hammons Parkway
Springfield, MO 65806

U.S. District Court
District of Oregon (Medford Division)
James A. Redden U.S. Courthouse
310 West Sixth St.
Medford, OR 97501

U.S. District Court
Middle District of Tennessee (Nashville
Division)
Fred D. Thompson U.S. Courthouse and
Federal Building
719 Church Street
Nashville, TN 37203

U.S. District Court
Northern District of Texas (Dallas Division)
United States District Court
1100 Commerce Street, Room 1452
Dallas, TX 75242

U.S. District Court Southern District of
Texas (Houston Division)
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

U.S. District Court Eastern District of
Wisconsin (Milwaukee Division)
United States Federal Building and
Courthouse
517 E. Wisconsin Ave. Rm. 362
Milwaukee, WI 53202

**Attorneys for Meta Platforms, Inc.,
Facebook Holdings, LLC, Facebook
Operations, LLC, Facebook Payments,
Inc., Facebook Technologies, LLC,
Instagram LLC, and Siculus, Inc.:**
*Via email*

Ashley M. Simonsen
Isaac D. Chaput
Phyllis Alene Jones
Maria Georges
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
*asimonsen@cov.com*
*ichaput@cov.com*
*pajones@cov.com*
*mgeorges@cov.vom*

Bryan B House
Kate E Gehl
**FOLEY & LARDNER LLP**
777 E Wisconsin Ave - Ste 3800
Milwaukee, WI 53202
*bhouse@foley.com*
*kgehl@foley.com*

Jacob T. Spencer
Kristin Andrea Linsley
Laura O'Boyle
Rosemarie Ring
Collin Joe Cox
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave. NW
Washington, DC 20036
*jspencer@gibsondunn.com*
*klinsley@gibsondunn.com*
*loboyle@gibsondunn.com*
*ccox@gibsondunn.com*
*rring@gibsondunn.com*

Timothy M. Cunningham
Adam Sieff
Ambika Kumar
**DAVIS WRIGHT TREMAINE, LLP**
1300 SW Fifth Avenue
Suite 2400
Portland, OR 97201-5630
*timcunningham@dwt.com*
*adamsieff@dwt.com*
*ambikakumar@dwt.com*

Jack B. Blumenfeld
**MORRIS, NICHOLS, ARSHT &
TUNNELL LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Jbbefiling@mnat.com*

3

**Attorneys for Snap, Inc.:**
*Via email*

Ariel Tal Teshuva
Jonathan Hugh Blavin
Laura Lopez
Rosa Leda Ehler
Lauren Bell
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Ste Fl 50
Los Angeles, CA 90071
*ariel.teshuva@mto.com*
*jonathan.blavin@mto.com*
*laura.lopez@mto.com*
*rose.ehler@mto.com*
*lauren.bell@mto.com*

Ciaran Patrick Ahern Connelly
James T. McDermott
**MCDERMOTT  WEAVER  CONNELLY CLIFFORD LLP**
1000 SW Broadway
Ste 960
Portland, OR 97205
*cconnelly@mwcc.law*
*jmcdermott@mwcc.law*

**Attorneys for TikTok, Inc. and ByteDance, Inc.:**
*Via email*

Albert Quoc Giang
David Paul Mattern
Geoffrey Drake
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
*agiang@kslaw.com*
*dmattern@kslaw.com*
*gdrake@kslaw.com*

**Plaintiffs:**
*Via email*

Matthew P. Bergman
Laura Marquez-Garrett
Glenn Draper
**SOCIAL MEDIA VICTIMS LAW
CENTER**
1390 Market St
Suite 200
San Francisco, CA 98104
*matt@socialmediavictims.org*
*laura@socialmediavictims.org*
*glenn@socialmediavictims.org*
**3:22-cv-04209**
**2:22-cv-00444**
**1:22-cv-00100**
**1:22-cv-02173**
**3:22-cv-03849**
**3:22-cv-04286**
**4:22-cv-04210**
**3:22-cv-00401**
**4:22-cv-03294**
**4:22-cv-04283**

Christopher L Ayers
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road, 6th Fl.
Ridgefield Park, NJ 07660
*cayers@seegerweiss.com*
*cseeger@seegerweiss.com*
**3:22-cv-00401**
**4:22-cv-03294**

James C. Ferrell
Matthew S. Dillahunty
**JAMES C. FERRELL, P.C.**
6226 Washington Ave., Suite 200
Houston, Texas 77006
*matthewd@jamesferrell-law.com*
*jferrell@jamesferrell-law.com*
**4:22-cv-01815**

Michael M. Weinkowitz
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
*MWeinkowitz@lfsblaw.com*
**1:22-cv-00268-KD-M**

Robert A. Young
E. Kenly Ames
**ENGLISH LUCAS PRIEST
& OWSLEY LLP**
1101 College Street
Bowling Green, KY 42101
*byoung@elpolaw.com*
*kames@elpolaw.com*
**1:22-cv-00087**
**5:22-cv-00189-KKC**

Kirk J. Goza
Bradley D. Honnold
**GOZA & HONNOLD LLC**
9500 Nall Ave., Ste. 400
Overland Park, KS 66207
*kgoza@gohonlaw.com*
*bhonnold@gohonlaw.com*
**6:22-cv-3149**

Peter J. Flowers
**MEYERS & FLOWERS, LLC**
3 North Second Street, Suite 300
St. Charles, IL 60174
*pjf@meyers-flowers.com*
**1:22-cv-02968**
**3:22-cv-01511**
**1:22-cv-03470**
**1:22-cv-03883**

Ian Connor Bifferato
**THE BIFFERATO FIRM**
1007 N Orange Street, 4th Floor
Wilmington, DE 19801
*cbifferato@tbf.legal*
**1:22-cv-00750-UNA**

M. Palmer Lambert
Claire E. Kreider
**GAINSBURGH, BENJAMIN, DAVID,**
**MEUNIER & WARSHAUER, L.L.C.**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
*plambert@gainsben.com*
**1:22-cv-02173**

J. Gerard Stranch, IV
**BRANSTETTER, STRANCH &**
**JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
*gerards@bsjfirm.com*
**3:22-cv-00411**

Dena C. Sharp
Adam E. Polk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
*dsharp@girardsharp.com*
*apolk@girardsharp.com*
**3:22-cv-03883**

Robert H. Klonoff
**ROBERT H KLONOFF, LLC**
2425 SW 76th Ave
Portland, OR 97219
*klonoff@usa.net*
**1:22-cv-00100**
**3:22-cv-00401**
**4:22-cv-03294**

Nikolas M. Sulley
Jon C. Boesen
**BOESEN LAW, LLC**
4100 E. Mississippi Ave, 19th Floor
Denver, CO 80246
*nsulley@boesenlaw.com*
**1:22-cv-01420-RMR-NRN**

Jennie Lee Anderson
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
*jennie.anderson@andrusanderson.com*
**3:22-cv-00401**

Kevin Scott Hannon
**HANNON LAW FIRM, LLC**
1641 Downing Street
Denver, CO 80218
*khannon@hannonlaw.com*
**1:22-cv-01795-RMR**

Kevin Hannon
Emily Jeffcott
Narmeen Nkeiti
**MORGAN & MORGAN**
1641 Downing Street
Denver, CO 80218
Tel: 303-264-1770
*khannon@forthepeople.com*
*ejeffcott@forthepeople.com*
*nnkeiti@forthepeople.com*
**1:22-cv-01795-RMR**

Kyle Christopher Herbert
**HERBERT LAW FIRM PLLC**
3411 Richmond Avenue
Suite 400
Houston, TX 77046
*kyle@herberttrial.com*
**3:22-cv-01343**
**4:22-cv-01815**

Dated: August 1, 2022

/s/ Joseph G. VanZandt
**BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC**
Joseph G. VanZandt
234 Commerce Street
Montgomery, AL 36103
Tel: 334-269-2343
*Joseph.VanZandt@BeasleyAllen.com*

*ATTORNEYS FOR PLAINTIFFS*
*Donavette Ely, individually and as next friend to minor plaintiff N.G.; Autumn Seekford; Kelli Calhoone, individually and as next friend for minor plaintiff E.R.; Malinda Harris, individually and as next friend to minor plaintiff B.J.; Jessica Guerrero, individually and as next friend to minor plaintiff S.G.; Naomi Charles; Megan Waddell, individually and as next friend to minor plaintiff C.W.; Virginia Roth, individually and as next friend to minor J.R.; Diane Williams, individually and as next friend to minor C.M.; Brianna Murden; Valentina Estevanott; Ayla Tanton, individually and as next friend to minor plaintiff M.R.; Nadia Camacho; Klinten Craig; Kim Isaacs, individually and as next friend to minor plaintiff A.I.; Nina White; Stephanie Carter, individually and as Next of Friend to minor plaintiff F.M.*
**1:22-cv-00268**
**1:22-cv-03883**

**1:22-cv-01848**
**2:22-cv-00112**
**1:22-cv-01420**
**1:22-cv-21721**
**4:22-cv-01815**
**6:22-cv-3149**
**1:22-cv-00750**
**1:22-cv-01420**
**1:22-cv-02968**
**3:22-cv-01511**
**1:22-cv-03470**
**3:22-cv-03883**
**3:22-cv-00411**
**1:22-cv-00087**
**5:22-cv-00189**
**3:22-cv-01343**